FILED
2007 Nov-26  PM 04:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **PATRICIA L. HOOKER,**          ) | |
| )                                    | |
| Plaintiff,          ) | |
| )                                    | |
| vs.                               ) | Civil Action Number |
| )                                    | **6:05-cv-02545-UWC** |
| **UNITED STATES OF**              ) | |
| **AMERICA,**                      ) | |
| )                                    | |
| Defendants.         ) | |
| )                                    | |
| )                                    | |

**MEMORANDUM OPINION ON DEFENDANT'S
SUMMARY JUDGMENT MOTION**

Before the Court is Defendant's Motion for Summary Judgment.  (Doc. 27.) In order to survive a defendant's summary judgment motion in a medical malpractice case, Alabama law requires that the plaintiff come forward with the testimony of a medical expert stating that the standard of medical care has been breached.  Plaintiff has clearly not done so.  Accordingly, Plaintiff has not adequately disputed Defendant's Summary of Undisputed Facts and other evidentiary submissions in support of the motion.  Based on the undisputed facts, the Defendant is entitled to judgment as a matter of law.

# FACTS[1]

On December 14, 2005, Plaintiff, Patricia L. Hooker, *pro se*, filed an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1) and 2671-2680, arising out of allegedly negligent medical treatment of her deceased spouse in July and August 2003, by the Veterans Administration in Birmingham, Alabama. (Defs. Exhibit 1; Pls. Amended Comp.)   Plaintiff has not produced any medical expert opinions to support her claims of medical negligence or causation.

Defendant's medical expert, Dr. Allan R. Goldstein, M.D., reviewed the medical records of Halcomb H. Hooker, and concluded that "it is clear that this gentleman received outstanding care, and none of the care that he received was below the standard of medical care for this gentleman's illnesses."  (Def. Exhibit 5;  Rule 26 Expert Report of Dr. Allan R. Goldstein, M.D.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue as to any material fact and that, based upon the undisputed facts, the moving party is entitled to judgment as a matter of law.  *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *see also* Fed. R. Civ. P.

---

[1] The facts are construed in the light most favorable to the party opposed to the motion for summary judgment, the Plaintiff

56( c).

The party requesting summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which the moving party believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*quoting* Fed. R. Civ. P. 56( c).

When ruling on a motion for summary judgment, the court must view the facts in a light favorable to the nonmoving party. *See, e.g., Raney v. Vinson Guard Service*, 120 F.3d 1192, 1196 (11th Cir. 1997). "The district court should 'resolve all reasonable doubts about the facts in favor of the nonmoving' ... and draw 'all justifiable inferences ... in his favor ....'" *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991). "All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *See Hayden v. First Nat'l Bank of Mt. Pleasant*, 595 F.2d 994, 996-97 (5th Cir. 1979). The Eleventh Circuit has held that evidence that is merely colorable, conclusory, or conjectural does not create a genuine issue of material fact. *See, e.g.*, *Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

"When a motion for summary judgment is made and supported..., an adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided by [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## ANALYSIS

When an action is brought under the FTCA, the substantive law of the state where the injury occurred governs. Therefore, because a substantial part of the alleged negligence occurred in Alabama, Alabama state law applies. *Hoyt v. United States*, 286 F. 2d 356 (5th Cir. 1981).

The Alabama Medical Liability Act (AMLA), Alabama Code 1975 §§ 6-5-480 to 6-5-488, 6-5-544 to 6-5-552, governs medical malpractice cases in Alabama. Section 6-5-484 requires doctors to exercise the degree of reasonable care that reasonably competent physicians in the national medical community would ordinarily exercise when acting in the same or similar circumstances. *Bradford v. McGee*, 534 So.2d 1076 (Ala. 1988), citing *Keebler v. Winfield Carraway Hospital*, 531 So.2d 841 (Ala. 1988).

The AMLA also requires that a plaintiff prove his or her case by "substantial evidence." § 6-5-549, Ala. Code 1975; *Cackowski v. Wal-Mart Stores, Inc.*, 767

So.2d 319, 330 (Ala. 2000). Therefore, the burden is on the plaintiff to show that treatment received fell below the standard of care. *Brilliant v. Royal*, 582 So. 2d 512, 518 (Ala. 1991). Accordingly, the plaintiff must demonstrate this through expert testimony. *Bradford*, *supra* at 1080; *Therrell v. Fonde*, 495 So.2d 1046 (Ala. 1986).

At the close of discovery, Plaintiff has clearly not met the requirements under §6-5-548(c)(4). The Defendant, on the other hand, has filed its Rule 26 expert report from Dr. Allan Goldstein, M.D., which shows no medical treatments below the standards of care for Mr. Hooker.

When a defendant in a medical malpractice case moves for summary judgment, in order to avoid the entry of summary judgment for the defendant, the plaintiff must present substantial evidence that the alleged negligence (the breach of the appropriate standard of care) probably caused the injury. *Dews v. Mobile Infirmary Ass'n*, 659 So.2d 61 (Ala. 1995). Once a proper motion is filed by a defendant, the plaintiff must provide a proper expert opinion to refute the defendant's motion. Again, the plaintiff has not done so, and summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is appropriate because there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law.

## CONCLUSION

By separate Order, summary and final judgment shall be entered in favor of DEFENDANT, United States of America.

Done the 26th day of November, 2007.

                                            U.W. Clemon
                                United States District Judge